IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PETE LOPEZ, | ) |
| Plaintiff, | ) 8:04cv379 |
| vs. | ) MEMORANDUM AND ORDER |
| SARPY COUNTY LAW ENFORCEMENT, et al., | ) |
| Defendants. | ) |

This matter is before the court on the following pending motions: (1) filing no. 24, the Motion to Dismiss Bellevue Police Department and to Amend Complaint filed by the plaintiff, Pete Lopez; (2) filing no. 27, the Motion for Summary Judgment filed by the defendants, Sarpy County, et al.; and (3) filing no. 33, Sarpy County's Motion to Vacate Scheduling Order. In his complaint, the plaintiff alleges that in the course of his arrest on January 31, 2001, two Sarpy County Sheriff's Deputies intentionally ran over the plaintiff with their squad car. The complaint names as defendants only Sarpy County law enforcement, the Sarpy County Sheriff's Department, the Sarpy County Sheriff and unknown Sheriff's deputies. The Bellevue Police Department is not a named defendant.

**Law Enforcement and Sheriff's Department**

The court has previously construed the named defendants-Sarpy County Sheriff's *Department* and Sarpy County law enforcement as Sarpy County, Nebraska. The Sheriff's Department and "law enforcement" may not be sued separately from the County because the Department and County law enforcement are merely units or departments of and within Sarpy County. In other words, Sarpy County law enforcement and the Sarpy County

1

Sheriff's Department are not entities which have the capacity to sue and be sued in their own names. Thus, construing the complaint liberally, the intended defendant is Sarpy County, which oversees County law enforcement and the Sheriff's Department and is responsible for their operations.

### Sheriff and Deputies

Because the complaint does not specify whether Sheriff Patrick Thomas and the unknown deputies are sued in their individual capacity, official capacity, or both, those defendants are deemed to be sued *only* in their official capacity. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings). A suit against a public employee in his or her official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, a claim against a law enforcement officer, in his or her official capacity, is in reality a claim against the entity that employs the officer. See also Eagle v. Morgan, 88 F.3d 620, 629 n. 5 (8th Cir. 1996), *quoting* Kentucky v. Graham: "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Therefore, the governmental employer of the Sheriff and the deputies, i.e., Sarpy County, Nebraska, is presently the only defendant in this case.

### Motion to Dismiss Bellevue Police Department and to Amend Complaint

In filing no. 24, the plaintiff states that he wants to dismiss the Bellevue Police Department from this case and bring a new action against that entity. As the Bellevue Police Department is not a named defendant in this case, that entity cannot and need not

be dismissed. Although the relief requested cannot be granted, the plaintiff remains free to bring a separate action against the Bellevue Police Department.

In filing no. 24, the plaintiff also states that he wishes to amend his complaint to merge this action with another person's lawsuit presently pending in the Eighth Circuit Court of Appeals. The requested relief cannot be granted. Among other reasons, because one of the two cases is no longer in this court and is on appeal, the Federal Rules of Civil Procedure do not envision the kind of consolidation requested by the plaintiff. See Fed. R. Civ. P. 42(a). Therefore, filing no. 24 must be denied.

### Sarpy County Summary Judgment

In filing no. 27 and supporting materials, Sarpy County has established that officers of the City of Bellevue, **not** Sarpy County law enforcement, arrested the plaintiff and were the sole participants in the conduct at issue in this case. Because City of Bellevue police officers were the only actors involved in the arrest of which the plaintiff complains, and Sarpy County law enforcement officials had no role in those events, the plaintiff has sued the wrong defendant(s). The plaintiff has not contested the County's Motion for Summary Judgment.

Filing no. 27 will be granted, and this case will be dismissed. Consequently, filing no. 33, Sarpy County's Motion to Vacate Scheduling Order, will also be granted. The dismissal of this action will be without prejudice because the plaintiff may still have a claim against the City of Bellevue.

THEREFORE, IT IS ORDERED:

1. That filing no. 24, the Motion to Dismiss Bellevue Police Department and to

Amend Complaint filed by the plaintiff, Pete Lopez, is denied because neither the Bellevue Police Department nor the City of Bellevue is a named defendant in this case, and the requested consolidation of actions cannot be granted;

    2.    That filing no. 27, the Motion for Summary Judgment filed by the defendants, Sarpy County, et al., is granted, and the above-entitled case will be dismissed without prejudice;

    3.    That filing no. 33, Sarpy County's Motion to Vacate Scheduling Order, is granted; and

    4.    That a separate judgment will be entered accordingly.

DATED this 20th day of March, 2006.

                        BY THE COURT:

                        s/ Joseph F. Bataillon
                        JOSEPH F. BATAILLON
                        Chief District Judge